KENNETH PARKINSON (6778), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street                                HLP File No. 34268-1
Provo, Utah 84606
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
ParkinsonK@ProvoLawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| IAN COOPERSTEIN | **COMPLAINT AND JURY DEMAND** |
|---|---|
| Plaintiff, | |
| vs. | Case No. |
| UNIVERSITY OF UTAH, | |
| Defendant. | |

Ian Cooperstein, through his attorney, Kenneth Parkinson and Howard, Lewis & Petersen files this complaint against University of Utah, alleging the following:

**PARTIES, JURISDICTION, AND VENUE**

1. This action is brought under the American's with Disabilities Act 42 U.S.C. 126 § 12101 et seq and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

2. The events giving rise to this complaint occurred in the District of Utah.

3. Plaintiff is an individual and resides in Salt Lake County, Utah.

4. Defendant University of Utah is a College in the State of Utah.

5. Plaintiff timely filed the requisite intake form and charge was created with the Utah Antidiscrimination Division ("UALD") on November 6, 2019.

6. Plaintiff received his notice of right to sue on May 25, 2022. This case has been timely filed within 90 days from receipt of the notice of right to sue.

7. This Court has jurisdiction over this action and may grant the relief sought here pursuant to 28 U.S.C. §§ 1331. 28 U.S.C. § 1331 and 1343 in that this case arises under federal law or the protection of civil rights, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. 126 § 12101.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged here occurred in this district and because the parties are located here.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates here all other allegations in this complaint.

10. On or about November, 2008, Defendant, University of Utah's Campus Recreation Services ("CRS"), hired Mr. Cooperstein as a personal trainer .

11. In August 2015, Mr. Cooperstein was promoted to a part-time staff employee as a Personal Training supervisor and an assistant manager of the Core the main exercise area for the public to use. At the same time, he was to continue his personal training responsibilities.

12. At all times relevant to this complaint, plaintiff was an employee.

13. At all times relevant to this complaint, the University of Utah was an employer within the meaning of the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964.

14. Defendant employs over 20,000 employees in the state of Utah.

15. Plaintiff is male.

16. Plaintiff performed his job well. During his time as the Personal Training Supervisor/ assistant core supervisor, he trained staff members, tripled the size of the department, secured a large donation for the facility, spearheaded a large exercise equipment installation, and hired quality employees who qualified for a campus recreation scholarship.

17. Mr. Cooperstein was disabled. In April and May of 2018, Plaintiff was twice hospitalized for approximately a total of ten days as a result of complications from dental treatment. He experienced shortness of breath, infection, and swelling causing him to rapidly loose weight.

18. While in the hospital, Mr. Cooperstein suffered a torn Left Labrum requiring approximately 4 months of physical therapy.

19. A torn labrum is a qualified disability under the American's with Disabilities Act.

20. During his recovery, plaintiff asked for several accommodations including:

   a. not doing scheduling while he was in the hospital,

   b. being allowed to do a desk job, not being required to put in positions where he had to use his arm.

21. Plaintiff's supervisor did not grant the accommodations and did not enter into the interactive process with any of plaintiff's doctors to find a and suitable accommodation. Instead his employer viewed him as a winer and a complainer and looked for opportunities to terminate him.

22. Additionally, Mr. Cooperstein has a Mental health disability. The defendant was on notice of Mr. Cooperstein's disability, sometimes characterized as PTSD. As far back as November 17, 2010, Cooperstein informed Cheri Jenkins, Associate Director, that "I [have] been receiving treatment for a generalized personality disorder through Dr. Lewis at the U which was originally thought to be a form of autism such as PDD…. The disorder is indeed characterized by anti-social behavior… and an inability to be able to rapidly respond to social situations often resulting in me being perceived as hostile or blunt."

23. Instead of making reasonable accommodations for his disability or entering into the interactive process, his supervisors criticized him, and began building a case to fire him.

24. Beginning in approximately the spring of 2018 through the end of his employment with the defendant, Mr. Cooperstein's immediate supervisor Cairistiona Flatley repeatedly sexually harassed Mr. Cooperstein by:

    a. Contacting him late at night and inviting him over to her residence;

    b. Constantly talking about sex;

    c. Attempting to engage in sexualized conversations with him;

    d. Asking him about who he was sleeping with and dating;

    e. Asking him about his sexual practices;

    f. Revealing and bragging about her sexual practices;

    g. Luring him to her apartment under false pretenses;

    h. Asking him to have sex with her; and,

    i. Forcing him to work in the same room as a patron who had sexually propositioned him.

25. On or about April 5, 2019, Mr. Cooperstein complained to the Associate Director of Operations, Cheri Jenkins, about sexual harassment by his immediate supervisor.

26. After his report, nothing was investigated or done.

27. On May 20, 2019, Allison Hughes, a co-worker, issued a Crimson Crew Rapid Assessment complaining about Cooperstein's hair: "Ian was not up to Crimson Crew standards with his hair tonight with a patron he was training. He should look more professional and tie his hair back."

28. Mr. Cooperstein also made complaint on May 29, 2019 to Julian Gomez (Associate Director of CRS, and Cooperstein's supervisor) at the time of disparate treatment related to his gender (being written up for not having his hair tied back when women were not being written up).

29. Instead of investigating and appropriately responding to Mr. Cooperstein's complaints, defendant looked for a way to effectively fire him by "consolidating" both Flatley's and Mr Cooperstein's responsibilities.

30. Mr. Cooperstein did not know at that time that his job was being eliminated; rather, he thought his job would be expanded or his duties re-configured

31. He assumed that his job was not being eliminated.

32. When the new position was announced, Cooperstein applied for it.

33. He did not get the job and was effectively fired.

34. The decision to terminate Cooperstein was retaliatory and made on June 17, 2019. It was made about two weeks *after* Cooperstein complained about gender discrimination, and two months *after* he complained about sexual harassment.

35. On or about June 6, 2019, Cooperstein spoke with an Equal Opportunity Consultant in OEO/AA about his concerns.

36. When he mentioned to the assistant CMS director that he had filed with the OEO, he began to chastise and harass him about doing so, saying, "I wish you would have brought it to us instead."

## COUNT I

## DISABILITY DISCRIMINATION

37. Plaintiff incorporates here all other allegations in this complaint.

38. At all times relevant to this complaint, plaintiff was defendant's employee.

39. Plaintiff was a qualified individual with a disability or regarded as disabled as defined by the Americans with Disabilities Act.

40. While he was employed, Plaintiff was capable of performing the duties of his position or other available suitable positions for the defendant, with or without an accommodation.

41. During such time, Defendant continually, intentionally, and in a discriminatory manner refused to provide Plaintiff an accommodation or enter into the interactive process.

42. Defendant terminated Plaintiff based on his disability or perceived disability and the fact that he reported being sexually harassed.

43. Such adverse employment actions by Defendant were in violation of the ADA.

44. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT II
## GENDER DISCRIMINATION

45. Plaintiff reasserts and incorporates all other allegations of this complaint.

46. Plaintiff was an outstanding employee before the time of termination.

47. Plaintiff was a male employee and worked for defendants.

48. Defendant's dress code was discriminatory because it made a requirement of male employees that was not applied to female employees.

49. This discrimination formed part of the basis for terminating plaintiff in violation of law.

50. Plaintiff has experienced pain and suffering and mental anguish as a result of defendant's discrimination.

51. Plaintiff has experienced loss of income as a result of his unjustified termination.

## COUNT III: UNLAWFUL RETALIATION

52. Plaintiff reasserts and incorporates all other allegations of this complaint.

53. Defendant was discriminated against and complained to appropriate management.

54. Management did not make an appropriate response to the complaint instead made things more difficult for plaintiff by reorganizing his job duties and terminating him.

55. Defendant retaliated against plaintiff as described above.

56. As a result of defendant's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which he is entitled to recover.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

WHEREFORE, Plaintiff respectfully prays to this Court as follows:

1. For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount being just;

2. For back pay and front pay;

3. For reasonable costs, including attorney's fees; and

4. For all other equitable and legal relief to which Plaintiff appears entitled.

DATED this __23rd__ day of August, 2022.

/s/ Kenneth Parkinson
KENNETH PARKINSON, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Plaintiff