IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IAN COOPERSTEIN,<br><br>                       **Plaintiff,**<br><br>vs.<br><br>UNIVERSITY OF UTAH,<br><br>                       **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-CV-537-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on Defendant University of Utah's Motion to Dismiss for Failure to State a Claim [ECF No. 17]. On August 15, 2023, the court held a hearing on the motion. At the hearing, Plaintiff was represented by Kenneth Parkinson, and Defendant was represented by Matthew W. Jeppson. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order granting in part and denying in part Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint [ECF No. 10]. Plaintiff Ian Cooperstein was employed at Defendant University of Utah from approximately November 2008 until June 2019. In November 2008, the University of Utah's Campus Recreation Services hired Plaintiff as a personal trainer. In August 2015, Plaintiff was promoted to a part-time staff employee as a personal training supervisor and assistant manager of the Core exercise area. He was also to continue his personal training responsibilities. In 2019, Defendant consolidated his responsibilities with another employee's into one position. When Defendant

announced the new consolidated position, Plaintiff applied for it but did not get the job. Plaintiff alleges that this effectively fired him because Defendant eliminated the Personal Training Supervisor/PT lead position and did not offer him the opportunity to remain as assistant manager of the Core and a personal trainer.

Plaintiff claims that during his employment he made various formal complaints to Defendant's Chief Auditing Executive regarding government waste. When Plaintiff attempted to make a whistleblower complaint, Defendant refused to help him with it and misled him by directing him to a third-party service called Ethics Point. Ethics Point initially closed Plaintiff's case without investigation and later closed it a second time after Plaintiff insisted it be reopened. Plaintiff claims that Defendant consolidated his position into another, did not hire him for that position, and effectively fired him out of retaliation for filing reports. Plaintiff also alleges that he has made multiple governmental records requests that were denied that could have helped him in bringing his UPPEA claim.

Plaintiff also claims that Defendant failed to pay him full wages during his employment. Plaintiff's employment position on Defendant's staff as a personal trainer was coded as full-time in the Human Resources System but listed as temporary and less than four hours per week. As a result of this inaccurate listing, Plaintiff alleges that he worked at a lesser rate and was not paid for all his time. Plaintiff therefore asserts a breach of contract claim against Defendant for payment of his full wages.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Retaliation for Reporting Government Waste claim and his breach of contract claim for failure to pay wages.[1]

---

[1] Defendant also moved to dismiss Plaintiff's Americans with Disabilities Act ("ADA") and ADA retaliation claims, and Plaintiff conceded that those claims should be dismissed.

I.      UPPEA Claim

Defendant moves to dismiss Plaintiff's Retaliation for Reporting Government Waste ("Retaliation") Claim, arguing that Plaintiff's claim is barred by the applicable statute of limitations in the Utah Protection of Public Employees Act (UPPEA).  The UPPEA provides that "an employee who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief, damages, or both, within 180 days after the occurrence of the alleged violation of this chapter." Utah Code § 67-21-4(1)(a).

Plaintiff's UPPEA claim was not filed until December of 2022, some three and a half years after his termination, the alleged instance of retaliation. That filing is well beyond the statute of limitations in the UPPEA. Plaintiff has not alleged that a statutory exception tolled the statute of limitations in this case.  Plaintiff, however, asserts that his UPPEA claim is not barred because he is entitled to assert equitable estoppel against Defendant.

The general elements of equitable estoppel under Utah law and an analysis of whether they have been met are inapplicable in this case because "the usual rules of estoppel do not apply against the government." *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 35, 368 P.3d 846. Equitable estoppel can be used against the government "only if necessary to prevent manifest injustice" and only where the exercise of government power is not impaired. *Id.* Specifically, "[t]he few cases in which Utah courts have permitted estoppel against the government have involved very specific written representations[,]" *Anderson v. Pub. Serv. Comm'n of Utah*, 839 P.2d 822, 827 (Utah 1992), or instances where there was "admitted liability and promised compensation on several occasions." *Rice v. Granite School District*, 456 P.2d 159 (Utah 1969).

In the instant case, Defendant, a state entity, provided Plaintiff with no written representations, nor did it do anything resembling "admitt[ing] liability and promis[ing] compensation on several occasions." *Id.* Plaintiff claims that he was misdirected to a third party to make his complaints prior to his termination and that his requests for government records since his termination have been denied.  But Plaintiff does not allege anything occurred after his termination that would rise to the level necessary to apply equitable estoppel against the governmental entity in this case.  Because Plaintiff has not shown that equitable estoppel applies in this case, the court concludes that Plaintiff's UPPEA claim is untimely.  The court, therefore, grants Defendant's motion to dismiss Plaintiff's UPPEA claim.

## II.     Breach of Contract Claim

The parties agree that Plaintiffs Failure to Pay Wages Claim is a breach of contract claim. Under Utah law, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶¶ 15-17, 342 P.3d 224.

Plaintiff has identified a well-established employment relationship with Defendant, including when it began and ended.  Plaintiff has also alleged an extensive period of performance on his part, which included a promotion at one point.  Plaintiff further alleges that as a result of a mischaracterization of the position for which he was hired, Defendant paid Plaintiff at a lesser rate and failed to pay him for all his time worked.  It is unclear what Plaintiff means by his position being coded as full-time but listed as temporary and part-time, and the full effect that had on his wages.  It is also unclear whether the failure to pay full wages lasted throughout Plaintiff's employment with Defendant.  But the parties can explore those factual issues in discovery.  Defendant has Plaintiff's time and pay records.

The court concludes that Plaintiff's allegations, though sparse, establish the elements of a breach of contract sufficiently enough to put Defendant on notice of his claim. Plaintiff need only make factual allegations regarding each of the elements of the claim for breach of contract amounting to "fair notice of what the . . . claim is and the ground upon which it rests[,]" rather than "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the court finds that Plaintiff's allegations are sufficient at this stage of the litigation. Accordingly, the court denies Defendant's motion to dismiss Plaintiff's Failure to Pay Wages claim.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss [ECF No. 17] is GRANTED as to Plaintiff's Count IV (Retaliation for Reporting Government Waste) and DENIED as to Plaintiff's Failure to Pay Wages claim.

DATED this 23rd day of August, 2023.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge