UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| IAN COOPERSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>Defendant. | **DISCOVERY MANAGEMENT ORDER**<br><br>Case No. 2:22-cv-00537<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

To secure the just, speedy, and inexpensive determination of this action, and in accordance with Rule 16 of the Federal Rules of Civil Procedure, the court issues the following discovery management order:

**Status Reports**

1. No later than twenty-eight days before the close of fact discovery, the parties shall meet and confer and file a joint status report regarding any remaining fact discovery and stating whether the parties anticipate completing fact discovery within the deadline set by the scheduling order.

2. No later than twenty-eight days before the close of expert discovery, the parties shall meet and confer and file a joint status report regarding any remaining expert discovery and stating whether the parties anticipate completing expert discovery within the deadline set by the scheduling order.

**Extensions of Discovery Deadlines**

3. Any motion for extension of a discovery deadline should be filed well in advance of the deadline.

4.  In ruling on motions for extensions of discovery deadlines, the court will consider whether the requested extensions will likely result in a trial more than three years after the case was filed. Extensions which would prolong the case beyond three years from filing are unlikely to be granted.

**Short Form Discovery Motions**

5.  The parties are expected to comply with Rule 37-1 of the Local Rules of Civil Practice, including but not limited to:

   a) the requirement to make reasonable efforts to resolve a discovery dispute through meeting and conferring before seeking court assistance, *see* DUCivR 37-1(a);

   b) the requirement that short form discovery motions must be filed no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause, *see* DUCivR 37-1(b)(2)(C); and

   c) the requirement to include as exhibits to the motion a copy of the disputed discovery request and any response, *see* DUCivR 37-1(b)(2)(B).

Failure to meet these requirements may result in automatic denial of the motion.

6.  In addition to these requirements, Judge Oberg requires short form discovery motions to identify with specificity the nature of the discovery dispute and to include substantive argument regarding each discovery request or response at issue.

7.  If a party believes overlength briefing is necessary, the party may file an overlength motion or response under Rule 37-1, and include in the overlength motion or response a request for overlength briefing. (This procedure supersedes the general requirement

of Rule 7-1(a)(6)(A) to file a separate motion for overlength briefing before filing an overlength motion.) Judge Oberg will generally grant reasonable requests for overlength briefing and allow equivalent briefing for the other party(ies).

**Electronically Stored Information (ESI)**

8. In any case likely to involve discovery of a significant amount of electronically stored information (ESI), the parties should meet and confer regarding ESI protocols. To guide their discussion, the parties may refer to the ESI checklist available on Judge Oberg's Practices and Procedures page on the court website, https://www.utd.uscourts.gov/magistrate-judge-daphne-oberg.

DATED this 19th day of September, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge