UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| IAN COOPERSTEIN,<br><br>   Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE PLAINTIFF'S DISCOVERY RESPONSES (DOC. NO. 43) AND GRANTING MOTION TO WITHDRAW ADMISSIONS (DOC. NO. 44)**<br><br>Case No. 2:22-cv-00537<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Ian Cooperstein filed this case against his former employer, the University of Utah, bringing claims of gender and disability discrimination, unlawful retaliation, and failure to pay wages.[1]  Mr. Cooperstein alleges his supervisor sexually harassed him, and the University fired him when he complained about the harassment.[2]  He also argues the University mischaracterized his job as parttime, which resulted in lower wages.[3]

Both parties have filed motions relating to discovery responses Mr. Cooperstein submitted approximately twenty-five hours after the deadline.  The University moves to

---

[1] (*See* Am. Compl. ¶¶ 47–86, Doc. No. 10.)  Mr. Cooperstein's Americans with Disability Act discrimination and retaliation claims have been dismissed, along with his retaliation for reporting government waste claim.  (*See* Mem. Decision and Order, Doc. No. 31.)

[2] (Am. Compl. ¶¶ 25–46, Doc. No. 10.)

[3] (*Id.* ¶¶ 11, 81–82.)

strike Mr. Cooperstein's late discovery responses,[4] while Mr. Cooperstein moves to permit his late discovery responses.[5]  Because the circumstances justify allowing Mr. Cooperstein's late responses, the University's motion is denied and Mr. Cooperstein's motion is granted.

<u>BACKGROUND</u>

On March 15, 2024, the University sent Mr. Cooperstein several discovery requests, including twelve Requests for Admission ("RFAs").[6]  Consistent with the Federal Rules of Civil Procedure, the University asked Mr. Cooperstein to respond within thirty days.[7]  Although responses were due on April 15, Mr. Cooperstein's counsel mistakenly believed they were due April 16—and on April 16, he asked the University to extend the deadline to the end of the week.[8]  The University responded that because the deadline had already passed, the parties would need to file a

---

[4] (*See* Mot. to Strike Pl.'s Disc. Resps. ("Mot. to Strike"), Doc. No. 43.)

[5] (*See* Mot. to Withdraw Admis. and Permitting Pl.'s Answers to Disc. That Were Under 25 Hours Late ("Mot. to Withdraw Admis."), Doc. No. 44.)

[6] Notably, the University failed to send the discovery requests to Mr. Cooperstein's counsel's assistant, as it agreed to do during the attorney planning meeting.  (*See* Att'y Plan. Meeting Rep. ¶ 1(e), Doc. No. 35.)

[7] (*See* Ex. A to Mot. to Strike, Def.'s First Set of Disc. Reqs. 1, Doc. No. 43-2; *see also* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) (providing thirty-day response deadlines for interrogatories, requests for production, and RFAs).

[8] (*See* Ex. B to Mot. to Strike, Email Correspondence, Doc. No. 43-3 at 2 ("Our answers to your discovery are due today [April 16].  Do you have any opposition to us getting them to you on Friday[?]").)  Because thirty days after March 15, 2024 is a Sunday—April 14, 2024—the responses were due Monday, April 15, 2024.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

stipulated motion to extend the deadline, which the University was unwilling to do.[9]

Less than seven hours later, at 12:14 AM on April 17, Mr. Cooperstein responded to the

discovery requests.[10]  However, because Mr. Cooperstein did not respond to the RFAs

on time, the matters are deemed admitted by operation of Rule 36.[11]

     After Mr. Cooperstein served his late discovery responses, the parties filed

competing motions for relief.  The University filed a motion to strike the responses,

arguing they were untimely.[12]  Mr. Cooperstein filed a motion to withdraw his

admissions, conceding his responses were untimely but arguing he should be permitted

to answer the discovery requests and withdraw his admissions.[13]  Each party

responded and replied to both motions, reiterating their positions.[14]

---

[9] (Ex. C to Mot. to Strike, Email Correspondence, Doc. No. 43-4 at 2 ("[S]ince we're already past the 30-day mark today, our take is we cannot agree to extend the time to respond without court approval, per DUCivR 29-1."); *see also* Mot. to Strike 2, Doc. No. 43 ("[The University] was not inclined to stipulate to [an] extension, particularly for the unanswered Requests for Admission.")); DUCivR 29-1(b) (providing parties must obtain court approval to extend an expired discovery response deadline).

[10] (*See* Mot to Strike 2, Doc. No. 43; Ex. D to Mot. to Strike, Email Correspondence, Doc. No. 43-5.)

[11] *See* Fed. R. Civ. P. 36(a)(3) (providing "[a] matter is admitted unless, within 30 days after being served," the responding party answers or objects).

[12] (Mot. to Strike 2–3, Doc. No. 43.)

[13] (Mot. to Withdraw Admis. 2–5, Doc. No. 44)

[14] (*See* Resp. to Mot. to Strike Pl.'s Disc. Resps., Doc. No. 45; Reply in Supp. of Mot. to Strike Pl.'s Disc. Resps., Doc. No. 47; Resp. Mem. in Opp'n to Pl.'s Mot. to Withdraw Admis., Doc. No. 48; Reply Mem. in Supp. of Pl.'s Mot. to Withdraw Admis., Doc. No. 49.)

<u>LEGAL STANDARDS</u>

Under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, responses to interrogatories, requests for production, and RFAs are due within thirty days of service of the request.[15]  Rule 29-1 of the Local Rules of Civil Practice permits parties to extend discovery deadlines, but if the deadline has already expired, the parties must obtain court approval for the extension by filing a stipulated motion.[16]  As to RFAs specifically, if a party fails to timely answer or object to a RFA, the matter is deemed admitted.[17]  But courts can permit a party to withdraw an admission if doing so "would promote the presentation of the merits of the action" and would not prejudice the requesting party's ability to maintain or defend the action on its merits.[18]

<u>ANALYSIS</u>

As explained below, the University's motion to strike is denied and Mr. Cooperstein's motion to withdraw admissions is granted.  Mr. Cooperstein responded to the RFAs little more than a day after they were due.  While his failure to respond on time requires that the RFAs be deemed admitted, permitting Mr. Cooperstein to

---

[15] Fed. R. Civ. P. 33(b)(2) (providing thirty-day response deadline for interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (providing thirty-day response deadline for requests for production); Fed. R. Civ. P. 36(a)(3) (providing thirty-day response deadline for RFAs).

[16] *See* DUCivR 29-1(b).

[17] Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . .").

[18] Fed. R. Civ. P. 36(b); *see also Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991) ("The decision whether to permit the withdrawal of admissions is a discretionary one." (citing *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir.1987))).

withdraw the admissions would promote presentation of the merits of this case and would not prejudice the University in defending the action on the merits.  Accordingly, Mr. Cooperstein is permitted to withdraw his admissions and his discovery responses shall stand.

I.    **The RFAs**

There is no question that where Mr. Cooperstein failed to timely respond to the RFAs, the matters are deemed admitted by operation of Rule 36.  But there is also no question that permitting Mr. Cooperstein to withdraw his admissions would promote the presentation of the merits of this case.  Because the University's ability to defend against Mr. Cooperstein's claims is unimpaired by the timing of his discovery responses, Mr. Cooperstein's motion to withdraw the admissions is granted.

First, with regard to presentation of the merits of the case, the RFAs seek admissions central to Mr. Cooperstein's claims.  For example, RFA 12 asks Mr. Cooperstein to "[a]dmit that your employment was not formally terminated, i.e., you were not 'fired' either with or without cause, but rather a reorganization of the Campus Recreation office caused your employment to end."[19]  Mr. Cooperstein's retaliation claim turns in part on whether a reasonable employee would find the University's actions "materially adverse."[20]  Thus, whether Mr. Cooperstein believed he was fired

---

[19] (Ex. A to Mot. to Strike, Def.'s First Set of Disc. Reqs. 10, Doc. No. 43-2.)

[20] *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67–68 (2006).

could be a crucial fact.[21]  Moreover, several RFAs bear on the credibility of Mr. Cooperstein's sexual harassment claims.[22]  If these admissions are not withdrawn, Mr. Cooperstein's ability to argue the merits of his case would be hindered, if not destroyed. Accordingly, withdrawal of the admissions "would promote the presentation of the merits of the action."[23]

The University argues Mr. Cooperstein "has not established withdrawal is necessary for presentation of the merits of the action," because the admissions do not *entirely* dispose of Mr. Cooperstein's claims.[24]  The University further contends, "[u]nless [Mr. Cooperstein] can show that the items deemed admitted are wrong, this motion to withdraw admissions is unnecessary."[25]  These arguments mischaracterize the Rule 36 standard.  First, the question is not whether withdrawal is "necessary" for the presentation of the merits, but whether withdrawal "would *promote* the presentation

---

[21] *See, e.g.*, *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (noting being fired "obviously qualifies as 'materially adverse' in the sense that it might have dissuaded a reasonable employee from making the complaint").

[22] (*See, e.g.*, Ex. A to Mot. to Strike, Def.'s First Set of Disc. Reqs. 9, Doc. No. 43-2 (asking Mr. Cooperstein to admit he "engaged in consensual kissing with" his alleged harasser); *cf.* Ex. 1 to Reply Mem. in Supp. of Pl.'s Mot. to Withdraw Admis., Dep. of Ian Cooperstein 130:24–25, Doc. No. 50-1 ("[Mr. Cooperstein:] I never consensually kissed [the alleged harasser].").)

[23] Fed. R. Civ. P. 36(b).

[24] (Resp. Mem. in Opp'n to Pl.'s Mot. to Withdraw Admis. 3, Doc. No. 48; Reply in Supp. of Mot. to Strike Pl.'s Disc. Resps. 4, Doc. No. 47 ("The admission alone does not dispose of [Mr. Cooperstein's] Title VII retaliation claim, and the admission [therefore] will not inhibit presentation of the claim on the merits.").)

[25] (Resp. Mem. in Opp'n to Pl.'s Mot. to Withdraw Admis. 3, Doc. No. 48.)

of the merits."[26]  Second, Mr. Cooperstein need not show the matters deemed admitted

are wrong or untrue.[27]  The University has not legitimately challenged the concept that

withdrawal of the admissions would promote the presentation of the merits.

Next, withdrawal of the admissions would not prejudice the University's ability to

defend the action on the merits.  Prejudice under Rule 36(b) "relates to the difficulty a

party may face in proving its case because of the sudden need to obtain evidence

required to prove the matter that had been admitted."[28]  It is shown, for example, by

"[r]eliance on admissions in preparing for trial."[29]  The University insists it would be

prejudiced because this case is "in the middle of fact discovery," and allowing Mr.

Cooperstein to respond to the RFAs would require the parties "to waste resources doing

discovery on the issues that can already be deemed admitted."[30]  But this is not the sort

of prejudice contemplated by the rule.  Where Mr. Cooperstein responded to the RFA's

little more than a day after the deadline, the University did not rely on the admissions to

its detriment.  The University was not faced with a "sudden need to obtain evidence"

---

[26] *See* Fed. R. Civ. P. 36(b) (emphasis added).

[27] In some circumstances, such as "when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission," a court "may look at whether the admission is contrary to the record of the case."  *Ropfogel*, 138 F.R.D. at 583.  Here, Mr. Cooperstein's justification for withdrawal is that his untimeliness is inconsequential—he does not argue circumstances have changed or that his admissions were improvident.

[28] *Id.* (internal quotation marks omitted) (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (10th Cir. 1983)).

[29] *Id.*

[30] (Resp. Mem. in Opp'n to Pl.'s Mot. to Withdraw Admis. 2, 5, Doc. No. 48.)

from responses filed a day late.  Moreover, the University's argument rings hollow where its refusal to stipulate to a short extension led to the motion practice now delaying this case.  And where Mr. Cooperstein disputes the truth of the admissions,[31] discovery on the issues is not a waste of resources.

The University contends this case is similar to *Western Investments, Inc. v. Continental Western Insurance Co.*,[32] where a district court held RFAs were admitted under Rule 36 because the plaintiff failed to timely respond to the RFAs.  But *Western Investments* is inapposite for several reasons.  First, the *Western Investments* plaintiff submitted discovery responses ten days after the expiration of an already-extended deadline, and after the defendant filed a motion to compel the discovery responses.[33] Mr. Cooperstein submitted his responses barely one day after the original deadline, and his responses preceded the University's motion to strike.  Second, the *Western Investments* plaintiff "provide[d] no explanation for why it failed to serve its discovery responses by the original deadline or by the extended deadline."[34]  Mr. Cooperstein's explanation reflects excusable neglect—he miscalendared the deadline due to the University's failure to send the discovery requests to his assistant.  Third, the *Western Investments* plaintiff "should have—but did not—move for permission to withdraw its admissions and file responses out of time," and the court relied on the availability of

---

[31] (*See* Mot. to Withdraw Admis. 1, Doc. No. 44 ("[T]he presentation of the merits will be promoted because the statements in the requested admissions are not true . . . .").)

[32] No. 22-1083, 2022 U.S. Dist. LEXIS 174209 (D. Kan. Sep. 23, 2022) (unpublished).

[33] *Id.* at *7.

[34] *Id.*

such a motion when deeming the RFAs admitted.[35]  Here, Mr. Cooperstein promptly filed a motion to withdraw his admissions.  In sum, the circumstances the *Western Investments* court relied on to deny withdrawal are not present here.[36]  Where withdrawal of the admissions would promote the presentation of the merits without prejudicing the University's ability to defend on the merits, Mr. Cooperstein is permitted to withdraw his admissions.

## II.      The Remaining Discovery Responses

The University does not offer any reason to strike the remainder of Mr. Cooperstein's discovery responses other than that they are twenty-five hours late.  But as outlined above, the circumstances do not warrant striking Mr. Cooperstein's responses.  This is not a case of gross neglect or excessive untimeliness.  Mr. Cooperstein miscalculated a deadline by one day, immediately asked for an extension and submitted responses, and promptly filed a motion to withdraw his admissions.  Moreover, while the University served the discovery requests on Mr. Cooperstein's counsel, it neglected to serve them on counsel's assistant as agreed at the attorney planning meeting.[37]  In other words, Mr. Cooperstein's untimeliness was minor,

---

[35] *Id.* at *8–10 ("[T]he harshness [of Rule 36] is tempered by the availability of the motion to withdraw admissions. . . ." (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987))).  The plaintiff's request to withdraw the admissions came in the context of a response to the defendant's motion to compel responses.  *See id.* at *1.

[36] *See also id.* at *10 ("The decision whether to permit withdrawal is a discretionary one." (quoting *Encon Int'l v. Garrahan*, No. 11-2137, 2013 U.S. Dist. LEXIS 204972, at *6 (D. Kan. Feb. 14, 2013) (unpublished))).

[37] (*See* Resp. Mem. in Opp'n to Pl.'s Mot. to Withdraw Admis. 5–6, Doc. No. 48.)

excusable, and quickly addressed.  Accordingly, the University's motion to strike is denied.  Mr. Cooperstein's discovery responses shall stand.

CONCLUSION

Permitting Mr. Cooperstein to withdraw the admissions in effect by operation of Rule 36(b) would promote the presentation of the merits of this case and would not prejudice the University's ability to defend the case on the merits.  Where Mr. Cooperstein submitted his discovery responses little more than a day late, the University's motion to strike the responses[38] is denied and Mr. Cooperstein's motion to withdraw his admissions[39] is granted.  As a closing note, the parties are reminded of their duties to comply with both the letter and the spirit of the Utah Standards of Professionalism and Civility.[40]

DATED this 17th day of September, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[38] (Doc. No. 43.)

[39] (Doc. No. 44.)

[40] Utah Standards of Professionalism and Civility ¶ 14, available at https://www.utcourts.gov/en/about/courts/sup/civility.html [https://perma.cc/CP3C-NR53] ("Lawyers shall agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."); *see* DUCivR 83-1.1(d)(1) (providing attorneys practicing in this court must comply with the Utah Standards of Professionalism and Civility).