UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| IAN COOPERSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A LIMITED EXTENSION OF THE DISCOVERY DEADLINE (DOC. NO. 63)**<br><br>Case No. 2:22-cv-00537<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Ian Cooperstein filed a Motion for a Limited Extension of the Discovery Deadline[1] on December 20, 2024. Although labeled as a motion for extension, the motion actually seeks to reopen fact discovery, which closed on June 28, 2024[2] (nearly six months before the motion was filed). Mr. Cooperstein wants to reopen fact discovery to take three new depositions and to reopen the deposition of a witness he previously deposed.[3] The University of Utah opposes the motion.[4]

As explained below, the need for these depositions was foreseeable before the close of fact discovery and Mr. Cooperstein has not shown diligence in pursuing them—

---

[1] (Mot. for a Limited Extension of the Disc. Deadline ("Mot."), Doc. No. 63.)

[2] (*See* Am. Scheduling Order, Doc. No. 42.)

[3] (*See* Mot. 1, Doc. No. 63.)

[4] (Opp'n to Pl.'s Mot. for a Limited Extension of the Disc. Deadline ("Opp'n"), Doc. No. 68.)

1

nor has he adequately explained his delay in filing the motion. Further, reopening fact discovery at this stage would unduly prejudice the University, where the University has filed a motion for summary judgment (on the deadline to do so) based on the existing record. Accordingly, Mr. Cooperstein's motion is denied.

## BACKGROUND

Mr. Cooperstein brought this action against the University, his former employer, in August 2022, asserting claims for discrimination, retaliation, and failure to pay wages.[5] Under the original scheduling order, fact discovery closed on April 30, 2024.[6] At the parties' request, the court extended this deadline to June 28, 2024.[7] The court warned the parties it was disinclined to grant further extensions and the parties were expected to comply with this schedule.[8]

Under the amended scheduling order, expert discovery closed October 15, 2024, and the deadline to file dispositive motions was October 30, 2024.[9] Shortly after expert discovery closed, the University moved to extend the deadline to file dispositive motions (and subsequent deadlines), pending the outcome of a judicial settlement conference set for November 22, 2024.[10] The court extended the deadline to file dispositive

---

[5] (*See* Compl., Doc. No. 2; Am. Compl., Doc. No. 10.)

[6] (*See* Scheduling Order, Doc. No. 38.)

[7] (*See* Am. Scheduling Order, Doc. No. 42.)

[8] (*Id.*)

[9] (*Id.*)

[10] (*See* Mot. to Stay Scheduling Order Deadlines, Doc. No. 59.)

motions to December 20, 2024.[11]  The University filed a motion for summary judgment on that deadline.[12]  The same day, Mr. Cooperstein filed the instant motion to reopen discovery.[13]

## LEGAL STANDARDS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."[14]  Demonstrating good cause under this rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[15]  Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[16]

---

[11] (*See* Order Granting in Part and Den. in Part Mot. to Stay Scheduling Order Deadlines, Doc. No. 60.)

[12] (Mot. for Summ. J., Doc. No. 65.)

[13] (Mot., Doc. No. 63.)

[14] Fed. R. Civ. P. 16(b)(4).

[15] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citation omitted).

[16] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4 (D. Utah June 9, 2021) (unpublished).

## ANALYSIS

Mr. Cooperstein seeks to reopen discovery to depose three witnesses (all current or former University employees) listed in the University's initial disclosures, and to reopen the deposition of Lori McDonald.[17] Mr. Cooperstein contends he was unable to depose the three witnesses before fact discovery closed because the University's counsel failed to cooperate in scheduling the depositions.[18] Mr. Cooperstein asserts Ms. McDonald's deposition should be reopened because, after fact discovery closed, the University produced documents in response to a public records request which contradict Ms. McDonald's testimony.[19] Mr. Cooperstein does not further explain this assertion, nor does he specify exactly when the University produced the records.

In response, the University disputes its counsel failed to cooperate in scheduling depositions.[20] Instead, it asserts Mr. Cooperstein's counsel delayed pursuing them—

---

[17] (*See* Mot. 1, 3, Doc. No. 63.)

[18] (*Id.* at 3.) Specifically, Mr. Cooperstein's counsel submitted a declaration stating he spoke with the University's counsel on May 20 and May 31, 2024, about scheduling depositions of these and other witnesses. (Decl. of Kenneth Parkinson ("Parkinson Decl.") ¶¶ 4–5, Doc. No. 64.) Mr. Cooperstein's counsel "expected Defendant's counsel to call [him] back with the proposed dates for the depositions," but did not hear back. (*Id.* ¶¶ 8–9.) Mr. Cooperstein's counsel followed up on June 19, 2024, at which point the University's counsel explained "that he had not realized" Mr. Cooperstein's counsel "was asking him to contact the individuals to set the depositions." (*Id.* ¶ 9.) Mr. Cooperstein's counsel states "ultimately" the parties were able to schedule depositions of Ms. McDonald and two other witnesses during the last week of fact discovery, but not the three witnesses he now seeks to depose. (*Id.* ¶ 11.)

[19] (Mot. 2, Doc. No. 63.)

[20] (*See* Opp'n 6, Doc. No. 68.)

including failing to confirm which witnesses he sought to depose until less than two weeks before fact discovery closed.[21] The University also notes Mr. Cooperstein provides no justification for waiting until December 20, 2024 (the deadline to file dispositive motions) to move to reopen discovery.[22] The University argues it would be prejudiced by reopening discovery at this stage because it relied on the factual record compiled during discovery in briefing its motion for summary judgment.[23] In reply, Mr. Cooperstein asserts his delay in filing the motion was justified because the judicial settlement conference scheduled in November could have resolved the case.[24]

    Mr. Cooperstein has not demonstrated good cause to reopen discovery at this stage. Each of the six *Smith* factors are addressed in turn.

---

[21] (*See id.*; Ex. 1 to Opp'n, Decl. of Matthew Jeppson ("Jeppson Decl.") ¶¶ 3–7, Doc. No. 68-1.) According to a declaration submitted by the University's counsel, on May 20, 2024 (during Mr. Cooperstein's deposition), Mr. Cooperstein's counsel mentioned he intended to depose some witnesses, but he did not provide a written list or propose dates. (Jeppson Decl. ¶¶ 3–4, Doc. No. 68-1.) During a May 31 phone call between counsel, Mr. Cooperstein's counsel identified some witnesses he wished to depose, and the University's counsel asked him to propose dates for each witness. (*Id.* ¶¶ 5–6.) The University's counsel did not hear back until June 19, at which point Mr. Cooperstein's counsel called and provided a different, more extensive list of witnesses to depose. (*Id.* ¶ 7.) The University's counsel "made every effort to confirm the availability of Plaintiff's witnesses" with the limited time remaining, but only three were available before the close of discovery on June 28. (*Id.* ¶ 8.)

[22] (Opp'n 7, Doc. No. 68.)

[23] (*Id.* at 8.)

[24] (*See* Pl.'s Reply in Supp. of Mot. to Extend Disc. Deadline ("Reply") 4, Doc. No. 69.)

### 1. Whether trial is imminent

Where no trial has been set in this case, the first factor weighs in favor of reopening discovery.

### 2. Whether the request is opposed

Where the University opposes Mr. Cooperstein's request, the second factor weighs against reopening discovery.

### 3. Whether the nonmoving party would be prejudiced

The University would be unduly prejudiced by reopening discovery at this stage. As noted, Mr. Cooperstein filed his motion to reopen fact discovery after the expert discovery deadline and on the deadline to file dispositive motions. The University timely filed a motion for summary judgment on that same date, relying on the record developed during discovery. Reopening discovery (which could raise new issues and require new briefing) would be unduly prejudicial under these circumstances, where the University complied with the filing deadline and relied on the existing record in briefing its motion. The third factor weighs against reopening discovery.

### 4. Whether the moving party was diligent in obtaining discovery within the guidelines established by the court

Mr. Cooperstein has not demonstrated diligence in pursuing the depositions within the discovery period nor in moving to reopen discovery. Mr. Cooperstein's counsel first discussed the depositions with the University's counsel on May 20, 2024—approximately five weeks before fact discovery closed on June 28.[25] Although the

---

[25] (*See* Parkinson Decl. ¶ 4, Doc. No. 64.)

parties dispute who was responsible for suggesting dates after their May 31 phone call, it is undisputed that Mr. Cooperstein's counsel waited until June 19, 2024 to follow up—only nine days before the fact discovery deadline.[26] At that point, it was unrealistic to expect all six witnesses could be made available before discovery closed. This does not reflect diligent efforts to pursue depositions within the existing deadlines, particularly where fact discovery had previously been extended.

Further, even assuming (for the sake of argument) that the University failed to cooperate in scheduling the depositions, Mr. Cooperstein failed to timely raise this issue. Mr. Cooperstein did not move to compel depositions during the fact discovery period, nor did he move to extend the fact discovery deadline before discovery closed. Instead, he waited nearly six months before filing his motion. The fact that a settlement conference was scheduled for November fails to excuse this delay, where the case was not stayed during this time. And even after the settlement conference, Mr. Cooperstein waited another month before filing his motion.

While Mr. Cooperstein asserts public records obtained after the close of fact discovery warrant reopening Ms. McDonald's deposition, he does not explain what information the records contain or how they contradict Ms. McDonald's testimony. He also fails to specify the date the records were provided. In other words, Mr. Cooperstein has not shown the timing of his motion is attributable to his receipt of these records.

---

[26] (*See id.* ¶ 9.)

Under these circumstances, Mr. Cooperstein has not shown he diligently pursued the depositions during fact discovery. Likewise, he has not shown diligence in moving to reopen fact discovery. The fourth *Smith* factor weighs heavily against reopening discovery.

5. *The foreseeability of the need for additional discovery in light of the time allowed for discovery*

The need for the three witness depositions was foreseeable during fact discovery, as evidenced by Mr. Cooperstein's attempt to schedule them before fact discovery closed. As for the public records obtained after discovery, Mr. Cooperstein fails to explain what (if any) new information they contain. He has simply not shown the need for discovery regarding topics addressed in the records was unforeseeable during the discovery period. The fifth factor weighs against reopening discovery.

6. *The likelihood the discovery will lead to relevant evidence*

Mr. Cooperstein fails to explain the relevance of the discovery he seeks from Ms. McDonald. Therefore, the sixth factor weighs against reopening discovery for the purpose of redeposing Ms. McDonald.

As to the three other witnesses, Mr. Cooperstein identifies one as a "key decision-maker" and another as his supervisor.[27] He suggests the third witness provided emails and testimony to the University's Office of Equal Opportunity related to his case.[28] Based on this information, and the University's identification of these

---

[27] (Reply 3, Doc. No. 69.)

[28] (*See id.*)

witnesses in its initial disclosures, depositions of these witnesses would likely yield relevant evidence. This factor weighs in favor of reopening discovery as to these three witnesses.

\* \* \*

Considering all the *Smith* factors, Mr. Cooperstein has not shown good cause to reopen discovery. Although two factors—the potential relevance of three of the depositions sought and the fact that no trial has been set—weigh in favor of reopening discovery, the remaining factors weigh against it. At bottom, the need for this discovery was foreseeable before discovery closed, and Mr. Cooperstein failed to diligently pursue it. Moreover, Mr. Cooperstein prejudiced the University by waiting nearly six months—until the deadline for filing dispositive motions—before seeking to reopen discovery. Under these circumstances, there is no good cause to reopen discovery at this stage.

## CONCLUSION

Mr. Cooperstein's motion to reopen discovery[29] is denied.

DATED this 16th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[29] (Doc. No. 63.)